# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN MILLER,

                Plaintiff,                Case No. 05-C-93

      v.

UNITED STATES OF AMERICA[1],

                Defendant.

## OPINION AND ORDER

Plaintiff John Miller is suing the United States of America alleging that David Asbach, a trustee in bankruptcy, engaged in negligence and fraudulent concealment during the Plaintiff's bankruptcy action. Miller is seeking one hundred million dollars in damages. The Defendant has moved for summary judgment and has notified the Plaintiff of his obligation to respond. However, the Plaintiff has not filed a timely response, so his right to respond is deemed waived. See Civil Local Rule 7.1(d).

The Defendant argues that it is entitled to judgment because the Plaintiff's claims are being brought under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 1402(b) and 2671-2680, and the Plaintiff has not fulfilled the prerequisites to suit under that Act. Although, in general, the federal government is entitled to sovereign immunity from suit, the FTCA grants jurisdiction for actions on monetary

---

[1] The Plaintiff named David Asbach, trustee in bankruptcy, as the Plaintiff in this case. After the case was commenced, the United States Attorney for the Eastern District of Wisconsin, certified that Asbach was acting within the scope of his employment with the United States at all times relevant to the events giving rise to this action. Therefore the United States of America is substituted for Asbach as the sole and proper Defendant. See 28 U.S.C. § 2679(d).

claims for injury, property loss, or death "caused by the negligent or wrongful act or omission of any employee of the Government." The government explains that:

> The United States, as sovereign, is "immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Dalm, 494 U.S. 596, 608 (1990). A waiver of sovereign immunity by the United States must be "unequivocally expressed," while its conditions "must be strictly observed and exceptions thereto are not to be implied." Lehman v. Nakshian, 453 U.S. 156, 160-61 (1981).
>
> The United States has consented to a limited waiver of its sovereign immunity in the Federal Tort Claims Act ("FTCA"). United States v. Orleans, 425 U.S. 807, 813 (1976). The FTCA provides the exclusive remedy for claims in tort against the United States. 28 U.S.C. §§ 1346(b), 2679(a); United States v. Smith, 499 U.S. 160-165-66 (1991). The terms of the limited waiver of sovereign immunity under the FTCA establish the parameters of a court's subject matter jurisdiction to hear FTCA cases. See Manypenny v. United States, 948 F.2d 1057, 1063 (8th Cir. 1991).
>
> . . . .
>
> The statutory waiver of sovereign immunity accomplished by the FTCA is not without its limitations. The FTCA waives sovereign immunity under very limited conditions and requires a plaintiff to comply with the requirements set forth in FTCA. Charlton v. United States, 743 F.2d 557, 558 (7th Cir. 1984). One of those requirements is the filing of an administrative claim.
>
> Title 28, United States Code, Section 2675(a) expressly establishes as a procedural prerequisite to initiating suit that the tort claimant first petition the appropriate administrative agency for relief, as follows:
>
>> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the

2

> negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, <u>unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail</u> . . . .

28 U.S.C. § 2675(a)(emphasis supplied).

Amended Memorandum in Support of Motion for Summary Judgment at 6-7.

The Plaintiff has not filed an administrative claim as required by 28 U.S.C. § 2675(a). Therefore, the Plaintiff has not exhausted his administrative remedies which is a condition precedent to filing a FTCA claim. <u>See</u> generally <u>Kaner v. United States</u>, 118 F.3d 527 (7th Cir. 1997). As a result, summary judgment will be granted in favor of the Defendant.

## **ORDER**

Because no material facts are in dispute and because the Defendant has demonstrated that it is entitled to judgment as a matter of law, the court ORDERS that the Defendant's "Amended Motion for Summary Judgment" (filed March 14, 2005) IS GRANTED. <u>See</u> Federal Rule of Civil Procedure 56(c).

IT IS FURTHER ORDERED that this action is dismissed without prejudice.

IT IS FURTHER ORDERED that the Clerk of Court shall enter a final judgment as a separate document. <u>See</u> Federal Rule of Civil Procedure 58. This judgment shall provide that:

Plaintiff John Miller brought this action against Defendant United States of America before the court and the Plaintiff having failed to exhaust his administrative remedies,

IT IS ORDERED AND ADJUDGED

that this action is dismissed without prejudice.

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin, this 22nd day of August, 2005.

<pre>
                              s/ Thomas J. Curran
                              Thomas J. Curran
                              United States District Judge
</pre>